# IN THE COURT OF APPEALS OF IOWA

No. 19-1683
Filed July 1, 2020

**OPAL HADAWAY,**
        Plaintiff,

**and**

**MARK HADAWAY and THOMAS O. HADAWAY,**
        Substitute Petitioners-Appellants,
**vs.**

**JEROME HADAWAY and CECILIA HADAWAY,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Hamilton County, James C. Ellefson,

Judge.

        Mark and Thomas Hadaway appeal a district court order regarding the

dismissal of a petition for relief from elder abuse.  **AFFIRMED IN PART,**

**REVERSED IN PART, AND VACATED IN PART.**

        Mark Hadaway, Story City, self-represented appellant.

        Thomas Hadaway, Story City, self-represented appellant.

        John D. Jordan of Jordan & Mahoney Law Firm, P.C., Boone, for appellees.

        Justin T. Deppe of Deppe Law Office, Jewell, guardian ad litem for plaintiff.

        Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**MULLINS, Judge.**

This case arises from a family disagreement over assets belonging to Opal Hadaway. In August 2018, two of Opal's sons, Mark and Thomas (Tom), filed a petition for relief from elder abuse pursuant to Iowa Code chapter 235F (2018) against two siblings, Jerome and Cecilia. In August 2019, the parties appeared for trial on a motion to dismiss the petition. Mark and Tom requested an award of attorney fees and costs. The district court granted the motion to dismiss, denied the request for attorney fees, and assessed costs to Mark and Tom. Mark and Tom filed for reconsideration, which was denied. They then appealed.[1] They argue the district court erred in assessing costs to them, finding their petition unnecessary, allowing ex parte communication,[2] and failing to award attorney fees.

"'We review a district court's ruling on a motion to dismiss for the correction of errors at law.' We accept the petition's well-pleaded factual allegations as true, but not its legal conclusions." *Iowa Individual Health Benefit Reins. Ass'n v. State Univ. of Iowa*, 876 N.W.2d 800, 804 (Iowa 2016) (quoting *Shumate v. Drake Univ.*, 846 N.W.2d 503, 507 (Iowa 2014)). "We review the amount of an award of attorney

---

[1] Mark and Tom made several assertions and factual arguments in their brief. Certain factual issues discussed are not contained in the record on appeal. We need not address every assertion to decide this appeal.

[2] The ex parte communication argument stems from a phone call between the district court judge and defense counsel to discuss a motion to appear by telephone. Jerome and Cecilia argue the issue is not preserved for our review. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). No argument related to ex parte communications was made prior to this appeal. The phone call was fully disclosed on the record. Counsel for Mark and Tom had an opportunity to be heard in camera and made no objection or argument. The issue is not preserved for our review. *Id.*

fees and costs for abuse of discretion." *Milligan v. Ottumwa Police Dep't*, 937 N.W.2d 97, 102 (Iowa 2020).

Petitions for relief from elder abuse are governed by Iowa Code chapter 235F. "The filing fee and court costs for an order for protection and in a contempt action resulting from an order granted under this chapter . . . shall be waived for the plaintiff." Iowa Code § 235F.2(3)(a); *accord Conrad v. Conrad*, No. 18-1741, 2019 WL 4678180, at *3 (Iowa Ct. App. Oct. 9, 2019) (applying the same statutory language in domestic abuse statute the same way). The statute explicitly bars assessing costs to a petitioner. Thus, the district court erred in assessing costs to Mark and Tom.

Mark and Tom argue the district court erred in finding the litigation was unnecessary. However, the finding itself was unnecessary because the petition was being voluntarily dismissed and there was no other issue requiring a determination of necessity before the court. We vacate the district court's finding the litigation was unnecessary but do not disturb the voluntary dismissal.

The district court has the discretion to award attorney fees and assess costs against a defendant. Iowa Code § 235F.6(7). The statute does not require a successful petition. *Id.* The court received and reviewed written and oral arguments from both parties specifically regarding attorney fees. On our review of the record we find the district court did not abuse its discretion in ordering each party to pay their own attorney fees.

We reverse the assessment of costs against Mark and Tom. We vacate the district court's finding the litigation was unnecessary but do not disturb the voluntary dismissal. We affirm the district court's assessment of attorney fees.

**AFFIRMED IN PART, REVERSED IN PART, AND VACATED IN PART.**